Ariadne Panagopoulou (AP - 2202)
Pardalis & Nohavicka, LLP
3510 Broadway, Suite 201
Astoria, NY 11106
Telephone: (718) 777-0400
Facsimile: (718) 777-0599
*Attorneys for the Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Minas Diakakis, *on behalf of himself and others similarly situated,* | Civil Case No.: |
| *Plaintiff*, | |
| -v- | **FLSA COLLECTIVE ACTION COMPLAINT** |
| Superior Stone & Interiors, LLC, Konstantinos Manasakis, and Markos Theodorakis, *jointly and severally,* | |
| *Defendants.* | |

## NATURE OF THE ACTION

1.      Plaintiff Minas Diakakis ("Plaintiff"), brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.* in order to remedy Defendants' wrongful withholding of Plaintiff's lawfully earned wages and overtime compensation. Plaintiff also brings these claims under New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, and Article 19 §§ 650 *et seq.* as well as the supporting New York State Department of Labor Regulations for violations of minimum wages, overtime wages, spread-of-hours pay and notice and record-keeping requirements. Finally, Plaintiff brings a claim for breach of contract.

1

## SUMMARY

2.      Plaintiff was employed by Defendants, Superior Stone & Interiors, LLC, Konstantinos Manasakis, and Markos Theodorakis as a mason.

3.      Defendants have repeatedly deprived Plaintiff of his minimum and overtime compensation and his spread-of-hours pay.

4.      Prior to the commencement of his employment, there was a verbal agreement between Plaintiff and Defendants that he would be remunerated at a rate of $65 per hour for all his hours of work.

5.      Plaintiff was employed for a total of three (3) weeks in which he received no payment at all for his work.

6.      Plaintiff worked approximately 60 hours per week.

7.      Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

8.      As a result of Defendants' actions, Plaintiff has suffered great hardship and damages.

9.      Defendants' conduct extended beyond Plaintiff to all other similarly situated employees. Plaintiff seeks certification of his FLSA claims as a collective action on behalf of himself individually and those other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216 (b).

## JURISDICTION AND VENUE

### Federal Question Jurisdiction and Supplemental Jurisdiction

10.     This Court has original subject matter jurisdiction over this action under 28

U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely, the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. Additionally, this Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

**Personal Jurisdiction**

11.     This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

**Venue**

12.     Venue is proper in the Eastern District of New York under 8 U.S.C. §§ 1391 (b) (1) and (2) because Defendants reside and conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

### THE PARTIES

**Plaintiff**

**Minas Diakakis**

13.     Plaintiff Minas Diakakis ("Diakakis") is an adult individual residing in the state of New York, County of Bronx.

14.     Diakakis is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190.

15.     Diakakis was employed as a mason at Superior Stone & Interiors, LLC, owned by Defendants, located at  15 Catherine Avenue, Franklin Square NY 11010.

16.     Diakakis worked for Defendants in August 2016 for three weeks.

3

17.     Diakakis regularly handled goods in interstate commerce, such as marble and tiles imported from outside the State of New York.

18.     Prior to the commencement of his employment, there was a verbal agreement between Plaintiff and Defendants that he would be remunerated at a rate of $65 per hour for all his hours of work.

19.     For the three week period in August, Diakakis worked an average of 12 hours per day from 7:00 a.m. to 7:00 p.m. amounting to 60 hours per week.

20.     Specifically, Diakakis would arrive to Defendant's store in Franklin Square around 7:00 a.m. where he would cut the marble and load the truck with the supplies required for the day's job. He then would drive from Long Island to the job site located at 834 Fifth Avenue New York, NY 10065, where he would install the marble on the floor and walls of bathrooms until 4:00 p.m. Diakakis would then drive back to Defendants' store in Franklin Square to perform additional work and he would leave the store around 7:00 p.m.

21.     Diakakis' schedule was set by Defendants Konstantinos Manasakis and Markos Theodorakis.

22.     Throughout this entire period, Diakakis was not paid at all for his regular or overtime hours worked, nor was he given any spread-of-hours pay.

23.     As a result of non-payment, he was forced to quit his employment.

24.     Ever since his resignation, he repeatedly asked to be paid his wages but he was not paid anything.

25.     Diakakis was not provided with a notice containing the rate and basis of his pay; the designated pay date; and the employer's name, address and telephone number at the time of hiring or at any point thereafter.

26.     Diakakis was never provided with wage statements detailing dates worked, money received and the employer's details at any point during the time of his employment with Defendants.

27.     Upon information and belief, while Defendants employed Diakakis, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Diakakis of such rights.

28.     Throughout the duration of his employment, Diakakis did not have any supervisory authority nor did he exercise discretion or independent judgment with respect to matters of significance.

29.     Diakakis consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. §216(b).

30.     Diakakis has knowledge of other individuals who were not paid their regular and overtime wages while working for Defendants.

**Defendants**

31.     At all relevant times, Individual and Corporate Defendants were joint employers of Plaintiff, acted in the interest of each other with respect to the restaurant's employees, and had common policies and practices as to wages and hours, pursuant to 29 C.F.R. § 791.2. Factors indicating joint employment include:

a.     Defendants all suffered or permitted Plaintiff to work.

b.     Each of the Defendants acted directly or indirectly in the interest of one another in relation to Plaintiff and similarly situated employees.

c.     Defendants each have an economic interest in Corporate Defendant in which Plaintiff and similarly situated employees worked.

d.     Defendants all simultaneously benefitted from Plaintiff's work.

5

e.      Defendants each had functional and/or formal control over the terms and conditions of work of Plaintiff and similarly situated employees.

f.      Plaintiff and similarly situated employees performed work integral to Corporate Defendant's operation.

32.      In the alternative, Defendants functioned together as a single integrated employer of Plaintiff within the meaning of the FLSA and NYLL.

### (Corporate Defendant)

**Superior Stone & Interiors, LLC**

33.      Superior Stone & Interiors, LLC ("Superior Stone") is a domestic corporation formed on October 27, 2014, organized and existing under the laws of the State of New York.

34.      Superior Stone owns and operates a marble stone fabrication and installation business located at 15 Catherine Avenue, Franklin Square NY 11010.

35.      Superior Stone employs numerous full-time employees and is involved in many upscale commercial projects throughout New York City.

36.      At all relevant times, Superior Stone was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

37.      At all relevant times, Superior Stone maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll and other employment practices that applied to him.

38.      At all relevant times, Superior Stone was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees were handling marble stone imported out of state and distributed in New York. In addition, Superior Stone conducted business with vendors and other businesses outside the state of New York and engaged in credit card transactions involving banks and other institutions outside the state of

New York.

39.     Upon information and belief, at all relevant times, Superior Stone's annual gross volume of sales made, or business done, was not less than $500,000.00, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a)(ii).

**(Individual Defendants)**

**Konstantinos Manasakis**

40.     Upon information and belief, at all relevant times, Konstantinos Manasakis "Manasakis" was the owner, principal, authorized operator, manager, shareholder and/or agent of Corporate Defendant.

41.     At all relevant times throughout Plaintiff's employment, Manasakis had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's schedule; negotiating Plaintiff's rate of pay; instructing, supervising and training Plaintiff; and otherwise controlling the terms and conditions for the Plaintiff while he was employed by Defendants.

42.     At all relevant times throughout Plaintiff's employment, Manasakis was actively involved in the day-to-day operations of the Corporate Defendant.

43.     At all relevant times throughout Plaintiff's employment, Manasakis was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

**Markos Theodorakis**

44.     Upon information and belief, at all relevant times, Markos Theodorakis

("Theodorakis") was a co-owner, principal, authorized operator, manager, shareholder and/or agent of Corporate Defendant.

45.     At all relevant times throughout Plaintiff's employment, Theodorakis had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendants, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's schedule; negotiating Plaintiff's rate of pay; instructing, training and supervising Plaintiff; and otherwise controlling the terms and conditions for the Plaintiff while he was employed by Defendants.

46.     At all relevant times throughout Plaintiff's employment, Theodorakis was actively involved in the day-to-day operations of the Corporate Defendant.

47.     At all relevant times throughout Plaintiff's employment, Theodorakis was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

## COLLECTIVE ACTION ALLEGATIONS

48.     Pursuant to 29 U.S.C. §§ 203, 206, 207 and 216(b), Plaintiff brings his First and Second Causes of Action as a collective action under the FLSA on behalf of himself and the following collective:

> All persons employed by Defendants at any time since October 22, 2013 and through the entry of judgment in this case (the "Collective Action Period") who worked as helpers, stone cutters, and all other non-exempt employees (the "Collective Action Members").

49.   A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subject to Defendants' illegal policies of failing to pay minimum wage for all hours worked and overtime premiums for work performed in excess of forty (40) hours each week.

50.   Plaintiff and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

51.   The claims of Plaintiff stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act – Minimum Wages

52.   Plaintiff, on behalf of himself and the Collective Action Members, realleges and incorporates by reference the allegations made in all preceding paragraphs as if fully set forth herein.

53.   At all relevant times, Plaintiff and the Collective Action Members were employees and employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d), (e)(1), and (g).

54.   At all times relevant, Defendants have been employers of Plaintiff and the Collective Action Members, and were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203 (s)(1) and 206 (a).

55.   Defendants were required to pay directly to Plaintiff, and the Collective Action Members, the applicable Federal minimum wage rate for all hours worked pursuant to 29 U.S.C. § 206.

56.   Defendants failed to pay Plaintiff, and the Collective Action Members, their earned minimum wages for all hours worked to which they were entitled to under the FLSA.

57.   In fact, Defendants did not pay the Plaintiff at all for his hours worked.

58.   As a result of Defendants' violations of the FLSA, Plaintiff and the Collective Action Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, reasonable attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

59.   Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

60.   Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff and the Collective Action Members.

61.   Defendants failed to post or keep posted conspicuous notices of Plaintiff's rights as required by the U.S. Department of Labor pursuant to 29 C.F.R. § 516.4, further evincing Defendants' lack of good faith.

62.   Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

## SECOND CAUSE OF ACTION

### Fair Labor Standards Act – Unpaid Overtime Wages

63.   Plaintiff and the Collective Action Members reallege and incorporate by reference the allegations made in all preceding paragraphs as if fully set forth herein.

64.  The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 (a)(1) and the supporting federal regulations, apply to Defendants and protect Plaintiff and the Collective Action Members.

65.  Defendants have failed to pay Plaintiff and the Collective Action Members overtime wages at a rate of one and one-half times the regular rate at which they were employed for but under no instance less than one and one-half times the statutory minimum wage for all of the hours that they worked in excess of forty (40) hours per workweek.

66.  As a result of Defendants' violations of the FLSA, Plaintiff and the Collective Action Members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

## **THIRD CAUSE OF ACTION**

### **New York Labor Law – Minimum Wage**

67.  Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

68.  Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

69.  At all relevant times referenced herein, Plaintiff had been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 190, 651 (5), 652, and the supporting New York State Department of Labor Regulations.

70.  The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiff.

71.     From December 31, 2015 onwards, the minimum hourly wage in the State of New York is $9.00 pursuant to NYLL § 652 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142-2.1.

72.     Defendants were required to pay Plaintiff no less than the applicable statutory minimum wage for all hours worked under the NYLL § 652 and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142-2.1.

73.     Through their knowing and intentional failure to pay any wages to Plaintiff, Defendants have violated the NYLL Article 19, §§ 650 *et seq*., and 12 N.Y.C.R.R. Part 142-2.1.

74.     Defendants also failed to post conspicuous notices of the Plaintiff's rights under the law, as required by the NYLL § 661 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142-2.8, further evincing Defendants' lack of good faith.

75.     Defendants' failure to pay Plaintiff at least at minimum wage was willful within the meaning of NYLL § 663.

76.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

### FOURTH CAUSE OF ACTION

**New York Labor Law – Unpaid Overtime Wages**

77.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

12

78.    The overtime wage provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

79.    Defendants have failed to pay Plaintiff proper overtime which he was entitled to at a wage rate of one and one-half times his regular rate but under no instance less than one and one-half times the statutory minimum wage as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142-2.2.

80.    Through their knowing or intentional failure to pay Plaintiff proper overtime wages for hours worked in excess of forty (40) hours per workweek, Defendants have violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

81.    Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of NYLL § 663.

82.    Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## FIFTH CAUSE OF ACTION

### New York Labor Law – Spread-of-Hours Pay

64.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65.     The spread-of-hours provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

66.     Defendants have failed to pay Plaintiff spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff worked a shift exceeding ten (10) hours, as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142-2.4.

67.     Through their knowing or intentional failure to pay Plaintiff spread-of-hours compensation, Defendants have willfully violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

68.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hours pay, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## SIXTH CAUSE OF ACTION

### New York Labor Law– Failure to Provide Notice at the Time of Hiring

83.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

84.     Defendants have failed to provide Plaintiff at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the

telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

85.    Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-b).

## SEVENTH CAUSE OF ACTION

### New York Labor Law– Failure to Provide Wage Statements

86.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

87.    Defendants have failed to provide Plaintiff with wage statements listing his rate of pay; basis of pay; the period covered; and overtime pay, in violation of NYLL § 195(3).

88.    Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

## EIGHTH CAUSE OF ACTION

### New York State Common Law - Breach of contract

89.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

90.    An enforceable agreement existed between Plaintiff and Defendants whereby Plaintiff agreed to perform work for Defendants and, in turn, be remunerated at a rate of sixty-five Dollars ($65) per hour for all hours worked.

91.     Plaintiff satisfactorily performed work for Defendants thereby performing fully his obligations under the agreement.

92.     Defendants did not remunerate Plaintiff at all for all the work he performed at the agreed hourly rate; therefore, Defendants breached the agreement.

93.     As a direct result of Defendants' breach, Plaintiff sustained damages in an amount to be determined at trial based upon an accounting of the amount Plaintiff should have been paid as contemplated by his employment agreement with Defendants, with an award of interest, costs, disbursements, and attorneys' fees.


## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

A.     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative collective action members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

B.     Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* New York Labor Law, Article 6, §§ 190 *et seq*., and Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations;

C.     Unpaid minimum wages and overtime pay under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor regulations;

D.     Unpaid minimum and overtime wages, and spread-of-hours pay under NYLL, and an additional and equal amount as liquidated damages pursuant to NYLL § 198(1-a) and § 663(1);

E.     Civil penalties of One Thousand One Hundred Dollars ($1,100) for each of Defendants' willful and repeated violations of the FLSA pursuant to 29 U.S.C. § 216(b);

F.     An award of statutory damages for Defendants' failure to provide Plaintiff with a wage notice at the time of hiring pursuant to NYLL § 198 (1-b);

G.     An award of statutory damages for Defendants' failure to provide Plaintiff with wage statements pursuant to NYLL § 198 (1-d);

H.     Compensatory damages due to Defendants' breach of contract in an amount to be determined at trial;

I.     A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

J.     If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

K.     An award of pre-judgment interest of nine per centum per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

L.     An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

M.     An award of attorney's fees, costs, and further expenses up to fifty dollars, pursuant to 29 U.S.C. § 216(b), and NYLL §§ 198 and 663(1);

N.     Such other relief as this Court shall deem just and proper.

Dated: Astoria, New York
        October 22, 2016

                                        Respectfully submitted,
                                        **PARDALIS & NOHAVICKA, LLP**

                                By:     ____/s/Ariadne Panagopoulou_____
                                        Ariadne Panagopoulou (AP-2202)
                                        *Attorneys for the Plaintiff*
                                        35-10 Broadway, Suite 201
                                        Astoria, New York 11106
                                        Tel: 718.777.0400 | Fax: 718.777.0599
                                        Email: ari@pnlawyers.com

NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

## FAIR LABOR STANDARDS ACT CONSENT FORM

I consent to be a party plaintiff in a lawsuit against _Superior Stone & Interiors, LLC_
and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act,
pursuant to 29  U.S.C. section §216(b).  I hereby designate **Pardalis & Nohavicka LLP** to represent me in
such a lawsuit.

Dated: 10 / 7 /2016

_____
**Signature**

_Minas Diakakis_

**Print**

_3U32 Irving Avenue_
_Bronx NY 10403_

**Address**

_0117 565 1828_

**Telephone**